IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOEL PRICE**                                                                 Case No.: 6:18-cv-01077-GAP-KRS

    Plaintiff,
v.

**DURAN GOLF CLUB, LLC**

       Defendant.
_____/

### DEFENDANT'S MOTION TO STRIKE UNTIMELY SERVED EXPERT REPORT AND DISMISS CASE WITH PREJUDICE

Defendant, Duran Golf Club, LLC ("Duran"), by and through its undersigned counsel, files this Motion to Strike Plaintiff, Joel Price's ("Price") Expert Report served on November 2, 2018 as it was served untimely.  In the alternative, Duran moves this Court to ignore the late-served expert report.  As set forth herein, the deadlines set by this Court for this case are to be strictly enforced and Plaintiff's request for an extension of the expert report deadline was explicitly denied by this Court, and, as a result, Plaintiff's expert report should stricken or ignored as a nullity and this case dismissed.

    1.    On August 6, 2018 this Court entered an order that set forth specific deadlines for this action (the "Initial Scheduling Order").  [D.E. 10]

    2.    The deadlines established in the Initial Scheduling Order included deadlines for Plaintiff to serve responses to this Court's Interrogatories, Defendant to provide access electronic records and data constituting its website, and Plaintiff to serve its expert report. [D.E. 10, ¶¶ 1-3].

1

3. Plaintiff served its answers to this Court's Interrogatories on August 16, 2018. [D.E. 14].

4. Price serving his responses to this Court's Interrogatories triggered Duran's deadline to provide information concerning the subject website. [D.E. 10, ¶ 3].

5. In pertinent part, the Initial Scheduling Order states:

> [w]ithin 30 days from the filing of the Interrogatory answers, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect copies of the electronic records and data constituting the websites that Plaintiff claims to be non-compliant.

[D.E. 10, ¶ 2].

6. Consequently, Duran had until September 17, 2018 to provide access to electronic records and data constituting its website. [D.E. 10, ¶3].

7. Duran, however, provided the URL to its current website to Plaintiff's counsel on August 1, 2018 via email, thereby completing its obligations under the Initial Scheduling Order as of that date. A copy of the August 1, 2018 email providing the URL is attached hereto as **Exhibit A**.

8. The Initial Scheduling Order states that Plaintiff is to serve his expert report "[w]ithin 45 days thereafter," with the "thereafter" referring back to Defendant providing the access required in Paragraph 2 of the Initial Scheduling Order. [D.E. 10, ¶ 3].

9. Because Duran provided the access required in Paragraph 2 of the Initial Scheduling Order on August 1, 2018, Price was required to serve his expert report within forty-five days thereafter, i.e. on or before September 17, 2018 pursuant to the Initial Scheduling Order. [D.E. 10, ¶ 3].

10. More than two weeks before that deadline, on August 27, 2018, the undersigned counsel reminded Plaintiff that the necessary information concerning the website at issue had already been provided, and, therefore, the timely provision of Price's expert report was required. The undersigned counsel even reminded Plaintiff that failure to timely serve the Court-mandated expert report could constitute a waiver of rights or claims, which waiver Duran would seek to enforce. A copy of the August 27, 2018 email is attached hereto as **Exhibit B**.

11. The September 17, 2018 deadline to serve his expert report came and went with no expert report and no request for an extension. More than a month after the deadline to serve his expert report, Price sought relief from this Court and filed Plaintiff's Motion for Extension of Time to File Expert Report on October 24, 2018 (the "Extension Motion"). [D.E. 17].

12. In the Extension Motion, Plaintiff incorrectly calculated the due date for service of his expert report and stated that it was due on November 1, 2018. [D.E. 17, ¶ 1].[1]

13. The Extension Motion did not set forth sufficient basis for the relief sought, did not argue that the information Plaintiff's expert needed to prepare his report had not been provided, and did not, by its mere filing, provide an extension.

---

[1] It appears that Plaintiff has interpreted the expert report deadline set forth in the Initial Scheduling Order as being triggered by the passage of Defendant's deadline to provide website information to Plaintiff, rather than being triggered by the date that said information was provided. Though Duran believes the correct interpretation of this Court's Initial Scheduling Order would provide Plaintiff 45 days from the date he was provided the website information by Duran, it is a distinction without meaning as Plaintiff missed the deadline to serve his expert report under either interpretation.

14.     This Court summarily denied the Extension Motion on October 25, 2018. [D.E. 18].

15.     Without an extension, even by Plaintiff's flawed calculation of the due date of his expert report, the expert report had to be served on Defendant on or before November 1, 2018.

16.     Plaintiff did not serve his expert report on Defendant until November 2, 2018, i.e. after the passage of even his miscalculated deadline. The November 2, 2018 service email providing Plaintiff's expert report is attached hereto as **Exhibit C**.

17.     Plaintiff's expert report, therefore, was untimely under the strict deadlines of the Initial Scheduling Order.

## INCORPORATED MEMORANDUM OF LAW

This Court is imbued with wide latitude to govern its docket as it sees fit in the efficient pursuit of justice. *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscaping Service, Inc.*, 556 F. 3d 1232, 1241 (11th Cir. 2009) ("[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). In light of the volume of cases of this type brought in this district – this is not even the first ADA lawsuit against a golf course that Mr. Price has initiated – this Court entered the Initial Scheduling Order in keeping "with the just, speedy and inexpensive determination of this case." [D.E. 10, p. 1].

Part of this Court's inherent authority to manage its docket is its ability to set deadlines to ensure the case progresses in an orderly fashion. *Zalloum v. River Oaks*

*Community Servs. Assoc., Inc.*, No. 6:13-cv-1144-Orl-40TBS (Dec. 8, 2014) ("[t]he Court has authority to manage its cases by establishing deadlines") (unpublished). Presumably because an order that can be ignored with impunity does little to further the just and speedy determination of the case, this Court stated it "expects strict adherence to these deadlines." [D.E. 10, ¶ 9]. This Court reiterated its expectation of strict adherence to deadlines in denying the Extension Motion. [D.E. 18].

Plaintiff has not strictly adhered to the deadlines contained in the Initial Scheduling Order and has failed to timely serve his expert report. Furthermore, not only did Plaintiff untimely serve his expert report, he did so after this Court explicitly denied his request for an extension of time to serve his expert report outside the deadline set by the Initial Scheduling Order. In essence, Plaintiff gave himself an extension when this Court declined to do so. *Contra Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril'") (quoting *Payne V. Ryder Sys., Inc.*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)).

In keeping with the purpose and content of the Initial Scheduling Order, Plaintiff should not be permitted to benefit from his late-served expert report. *Cf. Zalloum*, No. 6:13-cv-1144-Orl-40TBS (Dec. 8, 2014) (striking discovery for failure to comply with scheduling order deadline). Whether this Court chooses to strike the expert report or simply orders that it shall be disregarded as a nullity, the end result should be that Plaintiff's late-served expert report is void.

The Initial Scheduling Order states that "any deficiency not specifically identified in the expert report will be deemed waived." [D.E. 10, ¶ 3]. Though there are issues with the expert report beyond the date of its service, the entirety of its content should be ignored for failure to comply with the Initial Scheduling Order. With the entirety of the expert report properly stricken, or deemed a nullity, Plaintiff has not presented a viable expert opinion on any deficiency with Duran's website and, therefore, cannot prevail in this action. In keeping with the just, speedy, and inexpensive resolution of this action, this lawsuit should be dismissed with prejudice at this point since Plaintiff does not have a path to the relief sought.

WHEREFORE, Defendant, Duran Golf Club, LLC, respectfully requests that this Court enter an Order striking Plaintiff's late-served expert report, dismissing this case with prejudice, and granting such further and consistent relief as this Court deems just and equitable.

### 3.01(g) CONFERRAL CERTIFICATION

Defendant's counsel conferred with counsel for Plaintiff on November 19, 2018 concerning the relief sought herein. Counsel for Plaintiff stated that Plaintiff does not consent to the relief sought herein.

Respectfully submitted,

Adam C. Losey
Florida Bar No.: 69658
Primary: alosey@losey.law
Secondary: docketing@losey.law
**Losey PLLC**

450 S. Orange Avenue
Suite 550
Orlando, Fl 32801

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and a copy of the foregoing was sent to all counsel of record via CM/ECF on this 20th day of November 2018.

**LOSEY PLLC**
Attorneys for Duran Golf Club, LLC
CNL Center One
450 S. Orange Avenue
Suite 550
Orlando, Florida 32801

_____
**Adam C. Losey** (Trial Counsel)
Florida Bar No. 69658
Primary Email: alosey@losey.law
Secondary Email: docketing@losey.law
Telephone Number: 407.906.1605
**David A. Meek, II**
Florida Bar No. 59314
Primary Email: dmeek@losey.law
Secondary Email: docketing@losey.law

# Exhibit A

---

From: **Dinin Law Office** <inbox@dininlaw.com>
Date: Thu, Aug 2, 2018 at 1:44 PM
Subject: Re: Duran Matter
To: Adam Losey <alosey@losey.law>
Cc: Chris Dasilva (work email) <chris@dininlaw.com>


Mr. Losey:

Thank you for your email in regards to your client's website. A copy of your email has been sent to attorney Dinin for his review. Please note that Dinin is currently at a deposition out of state.

I will follow up with him later today in reference to this matter.


Regards,
Chris


> On Thu, Aug 2, 2018 at 10:55 AM, Adam Losey <alosey@losey.law> wrote:
>> Just wanted to follow up on the below- do you have a moment to discuss?
>>
>> On Wed, Aug 1, 2018 at 3:45 PM Adam Losey <alosey@losey.law> wrote:
>>> Dear Mr. Dinin,
>>>
>>> Our firm represents Duran Golf Club; do you have a moment to discuss the litigation with Mr. Price today or tomorrow morning?  Please also see Duran's new website, available at https://www.durangolf.com/
>>>
>>> LOSEY

Adam Losey
Losey PLLC
alosey@losey.law | (407) 906-1605
450 S. Orange Avenue | Suite 550
Orlando, Florida 32801

--

LOSEY

Adam Losey
Losey PLLC
alosey@losey.law | (407) 906-1605
450 S. Orange Avenue | Suite 550
Orlando, Florida 32801


--

SCOTT R. DININ, P.A.
4200 NW Seventh Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
E-mail: inbox@dininlaw.com

Dinin Law Video Segment

NPR Story: Broadway Accessibility

Verdict and Order Following Non-Jury Trial re: Gil v. Winn Dixie Stores, Inc.

Civil Rights Lawyer Scott R. Dinin Wins Landmark Historic Ruling

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. This electronic transmission (and any enclosures or attachments thereto) is for the sole use of those identified by the author and is the property of the author. It is confidential and may be protected by the attorney/client privilege. Any further distribution or copying of this message is strictly prohibited by law. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.

Exhibit B

From: **Adam Losey** <alosey@losey.law>
Date: Mon, Aug 27, 2018 at 10:09 PM
Subject: Re: Good Faith Conference - Duran
To: Dinin Law Office <inbox@dininlaw.com>

Good evening, per our earlier conversation and the below confirming email, we understood that you would be filing the amended interrogatories last Friday at the latest.  Can you please respond to the below tomorrow and let us know when your revised interrogatories will be submitted?

Additionally, as mentioned previously, the website at issue is available at the URL provided several weeks ago and was made available to you.  Can you further advise when we will receive the expert report in compliance with the Court's Order?  Please note that pursuant to the Court's Order, failure to submit the expert report with alleged deficiencies noted constitutes a waiver, and be advised we will move for a default if not timely received.

LOSEY

Adam Losey
Losey PLLC
alosey@losey.law | (407) 906-1605
450 S. Orange Avenue | Suite 550
Orlando, Florida 32801

On Fri, Aug 17, 2018 at 10:01 AM, Adam Losey <alosey@losey.law> wrote:
> Good day, and thank you for your time on the phone.
>
> This email confirms our discussion regarding the below filing and what I

understand to be the resolution of our 3.01(g) good faith conference on the filed interrogatories.

As discussed, our position is that the response to the eighth interrogatory is incomplete and "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FRCP 37(a)(4).  Number eight states "[p]lease specify all the ways in which you allege that the defendant's website fails to comply with 28 C.F.R. 36.302(e) or with any other applicable law."  The answer currently states "28 C.F.R. 36.302(e) has not been referenced in the instant Complaint."

This is incomplete as the interrogatory is in the disjunctive, requiring a listing of how the website purportedly does not comply with law.  We understand from our telephone conversation that you the omission of the remainder of the response was inadvertent, and that you intend to file amended verified interrogatories next week that respond to the eighth question in full.

Kindly let us know if any of the above is incorrect, and again thank you for your cooperation.

LOSEY

Adam Losey
Losey PLLC
alosey@losey.law | (407) 906-1605
450 S. Orange Avenue | Suite 550
Orlando, Florida 32801


---------- Forwarded message ----------
From: <cmecf_flmd_notification@flmd.uscourts.gov>
Date: Thu, Aug 16, 2018 at 6:10 PM
Subject: Activity in Case 6:18-cv-01077-GAP-KRS Price v. Duran Golf Club, LLC Answer to court interrogatories
To: cmecf_flmd_notices@flmd.uscourts.gov


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered by Dinin, Scott on 8/16/2018 at 6:10 PM EDT and filed on 8/16/2018
**Case Name:**         Price v. Duran Golf Club, LLC

| | |
|---|---|
| **Case Number:** | 6:18-cv-01077-GAP-KRS |
| **Filer:** | Joel Price |
| **Document Number:** | 14 |

**Docket Text:**
**ANSWER to court interrogatories by Joel Price. (Attachments: # (1) Exhibit Court's Interrogatories)(Dinin, Scott)**

**6:18-cv-01077-GAP-KRS Notice has been electronically mailed to:**

Adam Colby Losey &nbsp &nbsp alosey@losey.law, docketing@losey.law

Scott R. Dinin &nbsp &nbsp inbox@DininLaw.com, inbox@dininlaw.com

**6:18-cv-01077-GAP-KRS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=8/16/2018] [FileNumber=17491847-0] [4729b56fd350843fb2d6b429e7308c15588efc4a351ae3534300a1610ef9c8e0ae 3124b3db23c316e09e3fcab768a1978752ab4b165bd738d1a09577aa93dd67]]
**Document description:** Exhibit Court's Interrogatories
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=8/16/2018] [FileNumber=17491847-1] [5dff566c30e355fde8ecb5b10e187ac88a76f98000bc3882b8a7278ab6b5a49514 c3755d67e1c3a6a32ae173201936cc242eee0423c26a5e0d082809992ad17c]]

Exhibit C

| | |
|---|---|
| **From:** | Stephanie Serrano |
| **To:** | alosey@losey.law; dmeek@losey.law |
| **Cc:** | Scott Dinin; Dinin Law Office |
| **Subject:** | 18-cv-01077 Price v. Duran Golf - Expert Report |
| **Date:** | Friday, November 2, 2018 12:19:23 PM |
| **Attachments:** | Ntc of Submission of Expert Report.pdf<br>Expert Report.pdf |

Dear Mr. Losey and Mr. Meek,

Attached please find Plaintiff's Expert Report.

Sincerely,
Stephanie Serrano
Paralegal to Scott R. Dinin, Esq.

SCOTT R. DININ, P.A.
4200 NW Seventh Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
E-mail:serrano.dininlaw@gmail.com

This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. This electronic transmission (and any enclosures or attachments thereto) is for the sole use of those identified by the author and is the property of the author. It is confidential and may be protected by the attorney/client privilege. Any further distribution or copying of this message is strictly prohibited by law. If you received this transmission in error, please notify the author and destroy the message (and all attachments and enclosures thereto) immediately.