# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOEL PRICE,**

       **Plaintiff,**

**v.**                                           **Case No: 6:18-cv-1077-Orl-31KRS**

**DURAN GOLF CLUB, LLC,**

       **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO STRIKE UNTIMELY SERVED EXPERT REPORT AND DISMISS CASE WITH PREJUDICE (Doc. No. 22)**
>
> **FILED:** November 20, 2018
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This motion initially raises the question of when Plaintiff was required to serve his expert witness report. The ADA scheduling order in this case provides in pertinent part as follows:

1. Within 15 days from the date of this Order, Plaintiff shall answer, under oath, the Court's Interrogatories, . . . serve a copy on Defendant, and file the Answers with the Court titled as a "Notice of Filing Court Interrogatories."

2. Within 30 days from the filing of the Interrogatory answers, Defendant shall permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect copies of the electronic records and data constituting the websites that Plaintiff claims to be non-compliant.

3. Within 45 days thereafter, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2). Said report shall specifically address the

> deficiencies alleged and the proposed remediation required. Any deficiency not specifically identified in the expert report will be deemed waived.

Doc. No. 10, at 1.

The ADA scheduling order is dated August 6, 2018. *Id.* at 3. Therefore, Plaintiff was required to serve and file his answers to the Court's interrogatories on or before August 21, 2018, 15 days after the date of the Court's order. Plaintiff filed his answers to the Court's interrogatories on August 16, 2018. Doc. No. 14. Defendant was then required to permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect copies of the electronic records and data constituting the websites that Plaintiff claims to be non-compliant on or before September 15, 2018 (the "reasonable access requirement"), 30 days after the answers to interrogatories were filed.

Defendant contends that it provided Plaintiff with the URL link to its website on August 1, 2018. Doc. No. 22, at 2. The exhibit supporting that representation is an email in which counsel for Defendant asked for a time to discuss the litigation with counsel for Plaintiff and included the additional statement: "Please also see Duran's new website, available at https://www.durangolf.com/[.]" *Id.* at 8. There is no indication in that email that the reference to the URL of the website was provided in an effort to comply with the not-yet-issued ADA scheduling order's reasonable access requirement. Accordingly, I find Defendant's counsel is engaged in improper gamesmanship by relying on this email as the triggering date for Plaintiff to disclose its expert witness report.

Absent evidence of the date that Defendant fully complied with the reasonable access requirement of the ADA scheduling order, Plaintiff had a maximum of 75 days from the date he served his interrogatory answers to serve his expert witness report (30 days for Defendant to provide reasonable access and another 45 days for Plaintiff to serve his expert witness report). Because interrogatory answers were served on August 16, 2018, Plaintiff's expert witness report was due no

later than October 30, 2018.  Nevertheless, Plaintiff did not serve his expert witness report until November 2, 2018.  Doc. No. 22, at 13; Doc. No. 26-1.

In the response to the motion, counsel for Plaintiff contends that he had 75 days from the last date that answers to interrogatories were due to serve his expert witness report.  Doc. No. 26.  This argument is based on an inaccurate reading of the ADA scheduling order.  The order specifically provides that the 30-day period for Defendant to provide reasonable access ran "from the *filing* of the Interrogatory answers," not 30 days from the last date that answers to interrogatories could have been filed.  Therefore, Defendant's argument that Plaintiff's expert witness report was not timely served is well taken.

In a last-ditch attempt to overcome his failure to comply with the ADA scheduling order, counsel for Plaintiff contends that striking Plaintiff's expert witness report would violate his client's due process rights because Plaintiff has not been provided notice and an opportunity to be heard and that striking the expert witness report would deny Plaintiff his constitutional right of access to the courts.  Doc. No. 26, at 5-6.  Neither of these arguments is well taken.

Plaintiff was provided notice of the failure to comply with the Court's scheduling order in the motion, and he has had a full opportunity to be heard by filing a response to the motion.  This is all the process he is due.  *See In re Mroz*, 65 F.3d 1567, 1575-76 (11th Cir 1995) (stating that due process notice can come from a motion filed by the party seeking sanctions and that the opposing party must be given an opportunity to respond).

The access to the court argument is also not supported by the law.  A court does not deny a party his constitutional right of access to the courts by imposing sanctions for misconduct.  *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837-39 (11th Cir. 1989).

The remaining question is what sanction, if any, to impose for Plaintiff's failure to timely serve his expert witness report. Federal Rule of Civil Procedure 16(f)(1)(C) provides that when a party or his attorney fails to obey a scheduling order, the Court may impose "any just orders," including sanctions authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Rule 37(b)(2)(C) provides that instead of or in addition to the sanctions permitted by Rule 37(b)(2)(A), the Court may order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." I find that the gamesmanship by Defendant's counsel, discussed above, and Defendant's failure to establish that it complied with the ADA scheduling order by providing the required reasonable access to its electronic records and data constitute other circumstances that make an award of even monetary sanctions unjust under the unique circumstances of this case.

It is **ORDERED** that this Order may not be cited or relied upon in this or other cases to excuse non-compliance with Court orders. The Court may, however, consider this Order if it is presented in the future with evidence of misconduct by either party in this case or their respective lawyers.

**DONE** and **ORDERED** in Orlando, Florida on December 6, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE